IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| GREG BRENT, individually and on behalf of all other similarly situated,<br><br>    Plaintiff,<br><br>v.<br><br>PRECHECK, INC., et al.,<br><br>    Defendants. | Case No. 3:16-cv-01747<br>Judge Campbell/Frensley |

# REPORT AND RECOMMENDATION

## I. INTRODUCTION

This matter is before the Court upon a Motion to Dismiss Without Prejudice filed by the Plaintiff, Greg Brent. Docket No. 113. Defendant PreCheck, Inc. ("PreCheck") has filed a Response in Opposition. Docket No. 122. Defendants Columbia Medical Group – The Frist Clinic ("The Frist Clinic") and HCA Human Resources ("HCA HR") have also filed a Response in Opposition. Docket No. 117. For the reasons stated below, the undersigned recommends that Mr. Brent's Motion be DENIED.

Mr. Brent filed his Motion to Dismiss in conjunction with his Motion to Modify Scheduling Order (Docket No. 109), stating that "[s]hould the Court determine that Mr. Brent's motion in that regard should be denied, he respectfully requests, in the alternative, leave to dismiss this case without prejudice." Docket No. 113, p. 1. Mr. Brent specifically incorporates his arguments associated with his Motion to Modify Scheduling Order regarding procedural delays that he asserts have been caused by others and lack of prejudice to opposing parties. *Id.* at 2.

PreCheck responds that dismissal without prejudice would be inappropriate at this time, citing the factors laid out by the Court of Appeals for the Sixth Circuit in *Grover*. Docket No. 122, p. 2-4, *citing Grover by Grover v. Eli Lilly & Co.*, 33 F.3d 716, 718 (6th Cir. 1994). If dismissal without prejudice is granted, PreCheck requests that the Court impose conditions upon that dismissal. *Id.* at 5-6.

The Frist Clinic and HCA HR respond by reiterating their arguments in opposition to Mr. Brent's Motion to Modify Scheduling Order, specifically, that conduct by other Parties and their counsel are not to blame for Mr. Brent's failure to file a motion to certify a class action. Docket No. 117, p. 2-3. Regarding the instant Motion to Dismiss, these Defendants simply note that it is within the discretion of the Court under controlling law. *Id.* at 2.

## II. LAW AND ANALYSIS

Regarding voluntary dismissal by the plaintiff, the Federal Rules of Civil Procedure provide as follows:

> Except as provided in Rule 41(a)(1), an action may be dismissed at the plaintiff's request only by court order, on terms that the court considers proper.

Fed. R. Civ. P. 41(a)(2).

In this Circuit, controlling law instructs that "the purpose of Rule 41(a)(2) is to protect the nonmovant . . . from unfair treatment." *Bridgeport Music, Inc. v. Universal-MCA Music Publ'g., Inc.*, 583 F.3d 948, 953 (6th Cir. 2009), *citing Grover*, 33 F.3d at 718. The Court in *Grover* laid out factors that should be considered in determining whether a defendant would face "plain legal prejudice," such that dismissal without prejudice should not be allowed: "the defendant's effort and expense of preparation for trial, excessive delay and lack of diligence on the part of the plaintiff in prosecuting the action, insufficient explanation for the need to take a

2

Case 3:16-cv-01747    Document 129    Filed 09/05/18    Page 2 of 4 PageID #: 1059

dismissal, and whether a motion for summary judgment has been filed by the defendant." *Grover*, 33 F.3d at 718. The *Grover* Court also found that "[a]t the point when the law clearly dictates a result for the defendant, it is unfair to subject him to continued exposure to potential liability by dismissing the case without prejudice." *Id.* at 719.

As Mr. Brent makes quite clear, he filed this Motion so that, if the Court does not grant his Motion to Modify Scheduling Order and allow him more time to file a motion to certify a class action, he can re-file this matter and get a new scheduling order that would provide that time. Docket No. 113, p. 1; *see also* Docket No. 109, p. 17 ("in the alternative, Mr. Brent should be allowed to dismiss with [*sic*] matter without prejudice, re-file, and obtain the necessary discovery he needs for class certification.") The Court has found that good cause does not exist to modify the Scheduling Order, in large part because Mr. Brent failed to comply with the Court's deadlines, failed to seek relief from those deadlines, and did not contact the Court for a conference with regard to the conduct of opposing counsel upon which he blames his failures. Docket No. 128. The Court also found that "modification of the Scheduling Order to allow more time for class certification would be unduly prejudicial to the Defendants." *Id.* at 7.

Reviewing the *Grover* factors in light of the Court's recent Order, the undersigned finds that allowing Mr. Brent to dismiss without prejudice and re-file this action would result in visiting upon the Defendants the unfair treatment against which Rule 41(a)(2) is supposed to protect. *See Bridgeport Music*, 583 F.3d at 953. The Court has previously discussed the unreasonable delay and lack of diligence on the part of Mr. Brent in prosecuting this action, and his explanation for the need to take a dismissal is insufficient in that its only purpose is to allow Mr. Brent to circumvent the Court's ruling with respect to his Motion to Modify Scheduling

3

Order. Additionally, as PreCheck's Motion to Dismiss is pending, PreCheck would suffer clear legal prejudice if Mr. Brent's voluntary dismissal is granted.

### III. CONCLUSION

For the foregoing reasons, the undersigned recommends that Mr. Brent's Motion to Dismiss Without Prejudice (Docket No. 113) be DENIED.

Under Rule 72(b) of the Federal Rules of Civil Procedure, any party has fourteen (14) days after service of this Report and Recommendation in which to file any written objections to this Recommendation with the District Court. Any party opposing said objections shall have fourteen (14) days after service of any objections filed to this Report in which to file any response to said objections. Failure to file specific objections within fourteen (14) days of service of this Report and Recommendation can constitute a waiver of further appeal of this Recommendation. *See Thomas v. Arn*, 474 U.S. 140, 106 S.Ct. 466, 88 L.Ed. 2d 435 (1985), *reh'g denied*, 474 U.S. 1111 (1986); 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72.

_____
JEFFERY S. FRENSLEY
United States Magistrate Judge